IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD K. EVERSON and KIMBERLY C. EVERSON, Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, as Servicing Agent for the Deed of Trust; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for CDC Mortgage Capital Trust 2002-He1, Mortgage Pass-Through Certificates, Series 2002-He1, Successor to HomeGold, Inc.; and EDWARD E. BRINK, as Successor Trustee for the Deed of Trust,<br><br>Defendants. | **8:17CV171**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on defendant Edward E. Brink's ("Brink") Request to be Removed as Defendant of Record (Filing No. 9). For the reasons stated below, this case is remanded to the District Court of Sarpy County, Nebraska ("Sarpy District Court"), for lack of subject matter jurisdiction, and the Request is denied as moot.

I.      BACKGROUND

Plaintiffs Donald K. Everson and Kimberly C. Everson (collectively the "Eversons") are Nebraska citizens who own a piece of property, subject to a deed-of-trust and promissory note, in Sarpy County, Nebraska. Deutsche Bank National Trust Company ("Deutsche") is the current holder of the property's deed-of-trust and promissory note. Ocwen Loan Servicing, LLC ("Ocwen") services the loan. Brink, also a Nebraska citizen, is the trustee for the property's deed-of-trust, and he scheduled a trustee's sale of the property after filing a notice of default in the Sarpy County deed records.

The Eversons filed suit in Sarpy District Court against Deutsche, Ocwen, and Brink on January 27, 2017. The Eversons claimed that Ocwen had committed various misdeeds while servicing the loan, and they requested damages and an injunction prohibiting the trustee's sale.

The defendants removed the case to this Court. Although the parties were facially non-diverse, the defendants claimed that Brink was fraudulently joined and the remaining defendants were diverse. Brink moved to dismiss himself as a party, claiming he was fraudulently joined. On March 17, 2017, this Court (1) denied Brink's motion because the Eversons had alleged a colorable claim against Brink and (2) remanded the case to Sarpy District Court. *Everson v. Deutsche Bank Nat'l Trust Co.*, No. 8:17CV35, 2017 WL 1047314, at \*2 (D. Neb. March 17, 2017).

On remand, Brink filed a disclaimer of interest with the Sarpy District Court and moved to be dismissed as a party. After holding a hearing on the matter, the Sarpy District Court granted the motion.[1] Following Brink's dismissal as a party, Ocwen and Deutsche removed the case to federal court, attempting for the second time to evade the Everson's choice of forum. Brink subsequently requested to be removed as a defendant of record.[2]

## II.    DISCUSSION

"Removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some Act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). The relevant Act of Congress allows civil actions brought in state court to be transferred to federal court when the federal district

---

[1]It appears Brink did not mention this Court's previous denial of his Motion to Dismiss Party to the Sarpy District Court in his filing.

[2]The Eversons did not respond to Brink's Request to be Removed as Defendant of Record (Filing No. 9).

court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). Because this case involves only state law claims, the only way this Court could have original jurisdiction would be through complete diversity. *See* 28 U.S.C. § 1332(a)(1).

"In the case of a removed action, diversity [of citizenship] must exist both when the state petition is filed and when the petition for removal is filed." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (alteration in *Knudson*) (quoting *Ryan ex. rel. Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001)). There are two main exceptions to this rule. *Id*. The first exception occurs when "the plaintiff voluntarily dismisses the diversity-destroying defendant." *Id*. The second exception occurs when the defendant who destroys diversity is fraudulently joined. *Id*. at 976.

The Eversons and Brink are all citizens of Nebraska.[3] Thus, Brink's status as a party when the state petition was filed precludes diversity jurisdiction unless an exception applies. The first exception does not apply because Brink's dismissal was not "accomplished by the voluntary amendment of [their] pleadings by the plaintiff[s]." *Alexander*, 246 U.S. at 281. Brink was involuntarily dismissed by his own motion, not because of any amendment by the Eversons. *See Knudson*, 634 F.3d at 976 (explaining that a dismissal is involuntary if the defendant initiates the dismissal). The second exception does not apply because this Court has already determined that Brink's joinder was not fraudulent. Because neither exception applies, nor have Ocwen and Deutsche identified any others, this Court does not have jurisdiction over the removed action.[4]

---

[3]There is no dispute that Deutsche and Ocwen are citizens of states other than Nebraska.

[4]In their Notice of Removal, Ocwen and Deutsche cite *Dale v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 969 (8th Cir. 2007) for the proposition that "federal jurisdiction could be created by . . . an order dismissing a non diverse party." This is true, but it is limited to cases where an exception to the time-of-filing rule applies. *Knudson*, 634 F.3d at 975-976.

**III.    CONCLUSION**

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447.  This Court possesses the authority to make this determination sua sponte.  *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1066 (8th Cir. 2000).  Because the parties were not diverse at the time of filing, this Court lacks subject-matter jurisdiction over the case.  Accordingly,

IT IS ORDERED:

1.    Defendant Brink's Request to be Removed as Defendant of Record (Filing No. 9) is denied as moot.

2.    This case is remanded to the District Court of Sarpy County, Nebraska.

Dated this 27th day of June, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge